IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLINTON BOWERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1910 |
| | § | |
| R. JAMES NICHOLSON, Secretary, | § | |
| Department of Veterans Affairs, | § | |
| | § | |
| Defendant. | § | |


**MEMORANDUM OPINION AND ORDER**

Plaintiff, Clinton Bowers, brings this action pro se against defendant, R. James Nicholson, Secretary, Department of Veterans Affairs, for reprisal discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e _et seq._, the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 791 _et seq._, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 629 _et seq._  Pending before the court is defendant's Motion to Dismiss or Alternatively for Summary Judgment (Docket Entry No. 3).  For the reasons set forth below defendant's motion will be treated as a motion for summary judgment, defendant's motion for summary judgment will be granted, and this action will be dismissed.

## I.  **Plaintiff's Allegations**

Plaintiff alleges that he was a master sergeant in the United States Army who is now retired with 50% service-related disability and, therefore, entitled to "receive priority consideration in hiring."[1]  Plaintiff alleges that the defendant wrongfully failed to hire him on the basis of reprisal discrimination and in violation of his veterans preference rights for the position of Cemetery Representative pursuant to announcement VN 101-05, GS-303-6 that opened on May 25, 2005, and closed on June 14, 2005, and for the position of Supply Technician pursuant to announcement VN 157-05, GS-2005-05 that opened on August 22, 2005, and closed on September 13, 2005.[2]  Plaintiff alleges that he was notified that he had not been hired for either position on January 6, 2006.[3]

## II.  **Procedural History**

On February 17, 2006, plaintiff contacted an Equal Employment Opportunity (EEO) Counselor in the Office of Resolution Management (ORM) at the Department of Veterans Affairs (DVA) to complain that on January 6, 2006, he learned that the defendant had decided not

---

[1]Complaint of Reprisal Discrimination, and Violation of Plaintiff Veteran Preference Rights, Docket Entry No. 1, p. 2 ¶4.

[2]Id. at pp. 1-2 ¶¶ 1A-B, and p. 6 ¶1.

[3]Id. at pp. 1-2 ¶¶ 1A-B.

2

to hire him to fill either the position of Cemetery Representative or Supply Technician for which he had applied.[4]

On February 23, 2006, after unsuccessfully attempting to contact the plaintiff, the EEO counselor mailed plaintiff an Unreachable Notice, Notice of Rights and Responsibilities, Alternative Dispute Notice, and Notice of Withdrawal for each of his complaints.[5]  On February 27, 2006, the plaintiff signed a Notice of Withdrawal for each complaint and returned them to the EEO counselor.[6]  On March 17, 2006, the EEO Counselor sent plaintiff a notice of closure of case/complaint based on receipt of the signed notices of withdrawal that plaintiff had signed and returned for each of the two complaints that he had filed on February 17, 2006.[7]

On March 22, 2006, the plaintiff called the EEO Counselor to ask why he had received the notices of closure because he had not withdrawn his complaints.  When the counselor told him that he had signed and returned the notices of withdrawal, he told her that he

_____

[4]Id. at p. 3 ¶6.

[5]EEO Counselor's March 22, 2006, Report of Contact, Exhibit 5 attached to Defendant's Motion to Dismiss or Alternatively for Summary Judgment (Defendant's Motion), Docket Entry No. 3.

[6]See Notice of Withdrawal, Exhibit 2 page 4, and Notice of Withdrawal, Exhibit 3 page 4 attached to Defendant's Motion, Docket Entry No. 3.

[7]See Exhibit 2 page 1 and Exhibit 3 page 1 attached to Defendant's Motion, Docket Entry No. 3.

had done so in error.[8]  The counselor called her Administrative Office from which she received directions to send the plaintiff "the [VA form] 4939 [for filing a formal complaint] only and not the Notice of Right to File."[9]  The counselor then called the plaintiff to tell him that she was "sending him the 4939s, and that he would need to send letters of explanation of how he signed the Notice of Withdrawals in error and did not intend to withdraw[] his complaints."[10]

On March 30, 2006, the plaintiff filed a complaint with the Department of Veterans Affairs in which he raised the following issues:

(A)  Whether on the basis of reprisal for prior EEO activity the complainant was treated in a disparate manner in regards to non-selection when:

On January 6, 2006, the complainant was notified he was not selected for Cemetery Representative, GS-303-06, vacancy announcement No. VN 105-05, position.

(B)  Whether on the basis of reprisal for prior EEO activity the complainant was treated in a disparate manner in regards to non-selection when

On January 6, 2006, the complainant was notified he was not selected for Supply

---

[8]EEO Counselor's March 22, 2006, Report of Contact, Exhibit 5 attached to Defendant's Motion, Docket Entry No. 3.

[9]<u>Id.</u>

[10]<u>Id.</u>

4

Technician (OA), vacancy announcement No. VN
157-05, position.[11]

On May 26, 2006, the ORM notified the plaintiff that the
formal complaint he had filed on March 30, 2006, was dismissed.
This Notice of Final Agency Decision was signed by Charlotte A.
Jones, Regional EEO Officer.[12]   The notice explained that

> [t]he issue becomes whether or not the instant complaints
> should be dismissed for failure to state a claim, as the
> complaints appear[] to have been already decided by the
> withdrawal during the informal Counseling Period.  The
> agency avers that the complaints should be dismissed as
> the complainant signed a withdrawal notice on
> February 27, 2006, which specifically states **"I hereby
> withdraw this complaint of discrimination and wish to
> close the complaint at the informal level.  I am making
> this decision on my own free will and without coercion."**
> The Commission has held that a complainant can not
> withdraw a complaint during the informal counseling stage
> and then later file a formal complaint over the same
> issues. (See *Sarmiento vs. Postmaster General*, 01A00867
> (2001)).  In addressing the complainant's allegation that
> he signed the withdrawal by mistake, it is well
> documented that the complainant is no stranger to the EEO
> process, as he has filed numerous complaints against the
> agency and understands the process and meaning of
> withdrawal.    According to the EEO Counselor, she
> specifically wrote a hand written note to the complainant
> (on color paper to attract his attention) that was
> attached to the Withdrawal form that reminded him not to
> sign this form and return unless he was sure he no longer
> wanted to pursue his claims.   Therefore, it is my
> decision that the claims . . . are DISMISSED under the
> authority as stated in 29 C.F.R. § 1614.107(A)(1) for
> failure to state a claim.

---

[11]See May 26, 2006, letter from Department of Veterans Affairs
to Clinton Bowers, Exhibit 1 page 3 attached to Defendant's Motion,
Docket Entry No. 3.

[12]Id. at pp. 3-6.

This constitutes a **FINAL AGENCY DECISION** on your discrimination complaint.  If your are dissatisfied with this decision, you may appeal this decision using the enclosed form, **EEOC Form 573.**

### APPEAL RIGHTS

This Final Agency Decision may be appealed within 30 calendar days of receipt of this decision.  The appeal should be addressed to: **Equal Employment Opportunity Commission (EEOC), the Office of Federal Operations, P.O. Box 19848, Washington, D.C. 20036.**  If you decide to appeal this decision to EEOC, you should use EEOC Form 573, a copy of which is enclosed.

. . .

### RIGHT TO FILE A CIVIL ACTION

You also have a right to file a civil action in an appropriate United States District Court.  A civil action may be filed:

Within 90 days of receipt of this final decision if no appeal to EEOC has been filed; or,

If an appeal is filed with the EEOC, within 90 days after receipt of EEOC's final decision on appeal; or

After 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the EEOC.

If you file a civil action, the Head of the Department of Veterans Affairs must be named as the defendant.  The head of the Department of Veterans Affairs is R. James Nicholson.  Mr. Nicholson's official title is Secretary of Veteran's Affairs. . .[13]

---

[13]<u>Id.</u> at pp. 4-6.

Plaintiff appealed the ORM's decision to the EEOC by filing a Form 573 for each of his dismissed complaints, which he signed on June 19, 2006.[14]

On March 7, 2007, the EEOC issued a decision dismissing the plaintiff's appeal.[15]  The Decision acknowledged that the plaintiff had "filed a timely appeal . . . from the agency's decision dated May 26, 2006, dismissing his two consolidated complaints of unlawful employment discrimination in violation of Title VII . . . the Rehabilitation Act, . . . and the [ADEA]."[16]  The Decision explained that the plaintiff contended on appeal

> that his withdrawal was not knowing, but was a mistake. Given the facts of this case we decline to make such a finding.  The withdrawal notices were clearly and succinctly worded, and the record does not show the agency mislead the complainant into signing the withdrawals.
>
> Accordingly, the agency's dismissal of the complaints is affirmed.[17]

---

[14]See Exhibit 4 attached to Plaintiff Response to the Defendant's Motion to Dismiss or Alternatively for Summary Judgment (Plaintiff's Response), Docket Entry No. 4.

[15]Decision, Exhibit 2 attached to Plaintiff's Response, Docket Entry No. 4.

[16]Id. at p. 1.

[17]Id. at pp. 2-3.

7

## II. **Defendant's Motion**

Defendant argues that he is entitled to dismissal and/or summary judgment on plaintiff's claims because plaintiff did not initiate this case in a timely fashion, and failed to exhaust his administrative remedies.

## A.    **Standard of Review**

Although defendant has not identified the procedural basis on which he seeks dismissal, his assertion that this action was untimely filed indicates that he seeks dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  A Rule 12(b)(6) motion to dismiss tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S.Ct. 2665 (2002).  The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  Id.  "Also, the court may not look beyond the pleadings in ruling on the motion." Id. See also Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir.1999), cert. denied, 120 S.Ct. 2659 (2000).  If, however, on a motion to dismiss for failure

> to state a claim upon which relief can be granted,
> matters outside the pleadings are presented to and not

8

> excluded by the court, the motion shall be treated as one
> for summary judgment and disposed of as provided in Rule
> 56, and all parties shall be given reasonable opportunity
> to present all material made pertinent to such a motion
> by Rule 56.

Fed. R. Civ. P. 12.  <u>See</u> <u>Morin v. Caire</u>, 77 F.3d 116, 118 (5th Cir. 1996).  A party is on notice of the possibility that a court may convert a Rule 12(b)(6) motion into a motion for summary judgment ten days after a party submits evidence outside of the pleadings, and that evidence is not excluded by the court.  <u>See</u> <u>Washington v. Allstate Ins. Co.</u>, 901 F.2d 1281, 1284 (5th Cir. 1990).  In <u>Washington</u>, the Fifth Circuit explained that

> [u]nder Rule 56, it is not necessary that the district
> court give ten days' notice after it decides to treat a
> Rule 12(b)(6) motion as one for summary judgment, but
> rather after the parties receive notice that the court
> could properly treat such a motion as one for summary
> judgment because it has accepted for consideration on the
> motion matters outside the pleadings, the parties must
> have at least ten days before judgment is rendered in
> which to submit additional evidence.

901 F.2d at 1284 (quoting <u>Clark v. Tarrant County, Texas</u>, 798 F.2d 736, 746 (5th Cir. 1986)).  <u>See also</u> <u>Celotex Corp. v. Catrett</u>, 106 S.Ct. 2548, 2554 (1986) (district courts possess the power to enter summary judgment <u>sua sponte</u> as long as the losing party was on notice that he had to come forward with all of his evidence).

Defendant filed its motion to dismiss or, in the alternative, motion for summary judgment on September 24, 2007.  Attached to defendant's motion are five exhibits that evidence matters outside of the pleadings.  On October 3, 2007, plaintiff filed his Response

to the Defendant's Motion to Dismiss or Alternatively for Summary Judgment (Docket Entry No. 4) to which he attached four exhibits that evidence matters outside of the pleadings.  Because plaintiff has not objected to the court's consideration of the defendant's exhibits, because more than ten days have passed since the defendant filed his exhibits evidencing matters outside of the pleadings, and because the court has not excluded the defendant's exhibits, the plaintiff is on notice that the the defendant's motion to dismiss could be treated as a motion for summary judgment.  Because both parties have submitted—and the Court has not excluded—materials outside of the pleadings, Rule 12(b) directs the Court to treat the motion as one for summary judgment and to dispose of it under Rule 56.  <u>See</u> Fed. R. Civ. P. 12(b).  <u>See also</u> <u>Washington</u>, 901 F.2d at 1283-1284.

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment. Fed.R.Civ.P. 56(c). <u>See also</u> <u>Celotex</u>, 106 S.Ct. at 2552.  An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant.  <u>Anderson</u> <u>v. Liberty Lobby</u>, 106 S.Ct. 2505, 2510 (1986).  In reviewing the evidence, the court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence.  <u>Reeves v. Sanderson Plumbing Products,</u> <u>Inc.</u>, 120 S.Ct. 2097, 2110 (2000).  The court must also disregard

all evidence favorable to the moving party that the jury is not required to believe. Id.; Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893, 896 (5th Cir. 2002), cert. denied, 123 S.Ct. 2572 (2003).

**B.   Applicable Law**

Exhaustion of available administrative remedies is a prerequisite to federal suit for violation of Title VII, the Rehabilitation Act, and the ADEA. See 42 U.S.C. § 2000e-5(f)(1) (Title VII), 29 U.S.C. § 794a (Rehabilitation Act). 29 U.S.C. § 626(d) (ADEA).   Failure to exhaust administrative remedies prevents a federal court from adjudicating discrimination claims. See Fitzgerald v. Secretary, United States Department of Veterans Affairs, 121 F.3d 203, 206 (5th Cir. 1997).

**1.   Title VII**

Title VII provides that applicants for federal employment "shall be made free from any discrimination based on race, color, religion, sex, or national origin."   42 U.S.C. § 2000e-16(a). Requirements for exhausting administrative remedies under Title VII are found in regulations promulgated by the EEOC.   See 29 C.F.R. §§ 1614.101-1614.607.   Before filing a formal complaint, an applicant for federal employment who believes he has been the victim of discrimination "must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter."   29 C.F.R. § 1614.105(a).   The applicant "must initiate contact with a

11

Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). This time limit shall be extended if the aggrieved party shows (1) that he was not notified of the time limits or was not otherwise aware of them, (2) that he did not know and reasonably should not have known that the discriminatory action had occurred, (3) that despite due diligence he was prevented by circumstances beyond his control from contacting the counselor within the time limits, or (4) for other reasons considered sufficient by the agency. 29 C.F.R. § 1614.105(a)(2).

When the initial counseling session takes place, "[c]ounselors must advise individuals in writing of their rights and responsibilities." 29 C.F.R. § 1614.105(b). Within thirty days of the applicant having initiated contact, the counselor must conduct a "final interview," and if the employee and the counselor have not been able to resolve the situation, inform the employee in writing of his or her right to file a discrimination complaint with the agency. 29 C.F.R. § 1614.105(d). The applicant has 15 days after the Notice of Final Interview to file a formal complaint with the agency. 29 C.F.R. § 1614.106(a) & (b). Once a formal complaint is filed, the agency has 180 days to investigate. 29 C.F.R. § 1614.108(e). If the agency does not act on the applicant's complaint within 180 days, the applicant may bring a civil action in United States District Court. 29 C.F.R. § 1614.407(b). Once

the agency issues a final decision, the employee may appeal to the EEOC within 30 days, §§ 1614.401(a), 1614.402(a), or file a civil action in United States District Court within 90 days.  42 U.S.C. § 2000e-16(c).  See also 29 C.F.R. § 1614.407(a).  If the employee appeals to the EEOC, he may file a civil action in federal court within 90 days of receiving the EEOC's final decision on appeal. The time limits established by Title VII and the regulations promulgated thereunder are analogous to a statute of limitations, and are subject to waiver, estoppel, and equitable tolling.  See Irwin v. Department of Veterans Affairs, 111 S.Ct. 453 (1990).

   2.  Rehabilitation Act

   An applicant for federal employment seeking redress under the Rehabilitation Act also must exhaust administrative remedies.  The Rehabilitation Act provides a remedy for a federal applicant who alleges discrimination on the basis of disability, where the applicant is a qualified individual with a disability within the meaning of the statute.  See Rivera v. Heyman, 157 F.3d 101, 103-04 (2d Cir. 1998).  The Rehabilitation Act incorporates Title VII's administrative remedies process.  Id. at 104.  See also 29 U.S.C. § 794a; 29 C.F.R. 1614.101 et seq. Thus, a plaintiff seeking to assert a Rehabilitation Act claim must first exhaust administrative remedies available under Title VII.  See Rivera, 157 F.3d at 104.

3.    <u>ADEA</u>

An applicant for federal employment seeking redress for age discrimination under the ADEA may choose to "invoke the EEOC's administrative process and then file a civil action in federal district court if he is not satisfied with his administrative remedies." <u>Stevens v. Department of the Treasury</u>, 111 S.Ct. 1562 (1991). <u>See also</u> 29 U.S.C. §§ 633a (a)-(c). Alternatively, a federal applicant may give the EEOC 30 days notice of intent to file an ADEA action and move forward without a notice of right to sue from the EEOC. However, applicants pursuing this alternative must give initial notice to the EEOC within 180 days of the allegedly discriminatory act at issue. <u>See</u> 29 U.S.C. § 633a(d). Once the employee initiates the administrative proceedings on his ADEA claim, however, the employee must exhaust administrative remedies. <u>Wrenn v. Secretary, Dep't of Veterans Affairs</u>, 918 F.2d 1073, 1078 (2d Cir. 1990).

**C.    Application of the Law to the Facts**

1.    <u>Timeliness of Suit</u>

Asserting that the ORM dismissed both of the plaintiff's complaints on May 26, 2006, and that the notice of dismissal sent to the plaintiff informed him that he had 90 days from receipt of the notice to initiate action in federal court, defendant argues that plaintiff's original complaint was untimely filed because it

14

was not filed until June 7, 2007, "a full nine months" after
plaintiff had received notice of the ORM's dismissal of his
complaints.[18]  Plaintiff responds that this action was timely filed
because he filed it within 90 days of his having received the
EEOC's final decision on his appeal.[19]  The court agrees.

The notice of dismissal that the plaintiff received from the
ORM explained that he could either appeal the agency's decision to
the EEOC within 30 days or file a civil action in federal court
within 90 days.[20]  Since the plaintiff appealed the ORM's dismissal
to the EEOC,[21] the period for filing this action did not begin to
run until the plaintiff received the EEOC's March 7, 2007, final
decision on the appeal.[22]  Since defendant does not argue that this
action was not filed within 90 days after the plaintiff received

_____

[18]Defendant's Motion, Docket Entry No. 3, pp. 2-3.

[19]Plaintiff's Response, Docket Entry No. 4, p. 2 ¶5.

[20]See Exhibit 1 attached to Defendant's Motion, Docket Entry
No. 3, pp. 4-5.

[21]See EEOC Forms 573, Exhibit 4 attached to Plaintiff's
Response, Docket Entry No. 4.  See also EEOC Decision, Exhibit 1
attached to Plaintiff's Response, Docket Entry No. 4, p. 1
(acknowledging that plaintiff "filed a timely appeal with this
Commission from the agency's decision dated May 26, 2006,
dismissing his two consolidated complaints of unlawful employment
discrimination . . .").

[22]See EEOC Decision, Exhibit 1 attached to Plaintiff's
Response, Docket Entry No. 4, p. 3 ("You have the right to file a
civil action in an appropriate United States District Court within
ninety (90) calendar days from the date that you receive this
decision.").

15

the EEOC's final decision on appeal, this action was timely filed, and the defendant is not entitled to summary judgment on this basis.

2.   <u>Failure to Exhaust Administrative Remedies</u>

Asserting that the "ORM dismissed plaintiff's administrative complaints because [plaintiff] voluntarily decided to withdraw them,"[23] defendant argues that plaintiff's claims should be dismissed because by withdrawing his complaints during the EEO process he failed to exhaust his administrative remedies.[24] Plaintiff responds that the defendant's assertions are untrue. Plaintiff argues that he has exhausted his administrative remedies because after mistakenly withdrawing his complaints during the EEO process, he filed formal complaints and appealed the ORM's dismissal of those complaints.[25]

The undisputed evidence is that on February 17, 2006, plaintiff filed a complaint with an EEO counselor regarding the defendant's failure to hire him for the position of Cemetery Representative and/or Supply Technician, and that on February 27, 2006, plaintiff signed two separate withdrawal forms, i.e., one for each of the two complaints that he had submitted to the EEO

---

[23]Defendant's Motion, Docket Entry No. 3, p. 4.

[24]<u>Id.</u> at pp. 4-5.

[25]Plaintiff's Response, Docket Entry No. 4, p. 3 ¶¶ 11-12.

16

counselor.  Each withdrawal form contained a title printed in bold-face capital letters that states: "NOTICE OF WITHDRAWAL OF EEO COMPLAINT."  One of the two withdrawal forms states that

> [o]n February 17, 2006, I contacted the Office of Resolution Management, Central Plains Operations to file a complaint of discrimination.  My counselor was Rene'e Bragg, who advised me in writing of my rights and responsibilities during the EEO complaint process.
>
> My complaint was as follows:
>
>> Case No: 2003-0851-2006101405
>> Basis: Reprisal (prior EEO activity)
>> Claim: Failure to Hire
>> Date: January 6, 2006
>> Resolution: Unidentified
>
> At this time, I have decided that I do not wish to pursue this claim through the EEO process.
>
> I hereby withdraw this complaint of discrimination and wish to close the complaint at the informal level.  I am making this decision of my own free will and without coercion.[26]

The other withdrawal form states that

> [o]n February 17, 2006, I contacted the Office of Resolution Management, Central Plains Operations to file a complaint of discrimination.  My counselor was Rene'e Bragg, who advised me in writing of my rights and responsibilities during the EEO complaint process.
>
> My complaint was as follows:
>
>> Case No: 2003-0580-2006101437
>> Basis: Reprisal (prior EEO activity)
>> Claim: Failure to Hire
>> Date: Unidentified
>> Resolution: Unidentified

---

[26]Exhibit 2 attached to Defendant's Motion, p. 2.

> At this time, I have decided that I do not wish to pursue this claim through the EEO process.
>
> I hereby withdraw this complaint of discrimination and wish to close the complaint at the informal level.  I am making this decision of my own free will and without coercion.[27]

Plaintiff does not dispute that he signed the withdrawal forms, or contend that he was tricked, threatened, coerced, or intimidated into signing them.  In the appeal filed with the EEOC, plaintiff argued that the ORM wrongfully dismissed his complaints because he received the withdrawal forms together with other forms that he had been instructed to sign and that he had signed and returned the withdrawal forms to the EEO counselor by mistake.[28]  Yet,

> [u]nder elementary principles of contract law, one is presumed to have read a contract that one signs: A person who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, or that it was not explained or that he did not understand it.

In re Cajun Electric Power Co-op., Inc., 791 F.2d 353, 359 (5th Cir. 1986).  See also Jureczki v. Banc One Texas, N.A., 252 F.Supp.2d 368, 373 (S.D. Tex. 2003)(citing EZ Pawn Corp. v. Mancias, 934 S.W.2d 87, 90 (Tex. 1996)("A party who signs a contract . . . is presumed to know the contents of the

---

[27]Exhibit 3 attached to Defendant's Motion, p. 4.

[28]See the EEOC's Decision, Exhibit 2 attached to Plaintiff's Response, p. 2.  See also EEO Counselor's Report of March 22, 2006, Exhibit 5 attached to Defendant's Motion.

contract.")); Upton v. Tribilcock, 91 U.S. 45, 50 (1875)("It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained.  If this were permitted, contracts would not be worth the paper on which they are written.  But such is not the law.  A contractor must stand by the words of his contract; and, if he will not read what he signs, he alone is responsible for his omission.").  The withdrawal forms that plaintiff signed each contained a bold-faced title written in all capital letters stating, "NOTICE OF WITHDRAWAL OF EEO COMPLAINT," and while they each contain a signature line, they do not contain instructions to sign them.  Since plaintiff does not dispute that he signed both withdrawal notices and returned them to the EEO counselor, and since one who signs such a notice is presumed to know its contents, the court concludes that plaintiff's withdrawal of his complaints during the EEO process was both knowing and voluntary.  See Barber v. Runyon, 1998 WL 912065, *5-*6 (S.D.N.Y. 1998) (withdrawal of claims held to be knowing and voluntary where plaintiff did "not allege that she was tricked, threatened, coerced, or intimidated into signing" settlement agreement); Elliott v. Carnival Cruise Lines, 231 F.Supp.2d 555, 561 (S.D. Tex. 2002) (cruise ship passenger held chargeable with constructive notice of the forum-selection clause on his ticket,

where text in all capital letters on the first page of the contract made him aware of the presence of additional terms).

Courts considering whether a plaintiff who withdraws an administrative complaint has exhausted his or her administrative remedies have concluded that a knowing and voluntary withdrawal of discrimination complaints constitutes a failure to exhaust administrative remedies. See Sekaquaptewa v. Burkeholder, 163 F.3d 607, 1998 WL 668205, *1 (9th Cir. 1998)(Table) (voluntary withdrawal of discrimination charges during the EEO process constitutes failure to exhaust administrative remedies) (citing Riviera v. United States Postal Service, 830 F.2d 1037, 1039 (9th Cir. 1987), cert. denied, 108 S.Ct. 1737 (1988)(once a party appeals to a statutory agency, board, or commission, the appeal must be exhausted; to withdraw is to abandon one's claim, to fail to exhaust one's remedies)). See also Brown v. City of New York, 869 F.Supp. 158, 170-71 (S.D.N.Y. 1994) (court lacked jurisdiction to hear claims where plaintiff voluntarily requested withdrawal of claims, but later sought to rescind the withdrawal); Wrenn, 918 F.2d at 1078 (allowing a plaintiff to abandon the administrative remedies he has initiated under the ADEA would tend to frustrate the ability of the agency to deal with complaints). Since the undisputed evidence in this case establishes that plaintiff knowingly and voluntarily withdrew his complaints during the EEO process, the court concludes that defendant is entitled to summary

20

judgment because the plaintiff failed to exhaust his administrative remedies.

### III.  Conclusions

For the reasons explained above the court concludes that Defendant's Motion to Dismiss or Alternatively for Summary Judgment (Docket Entry No. 3) should be treated as a motion for summary judgment and disposed of pursuant to Federal Rule of Federal Procedure 56. Because applicants for federal employment seeking to pursue claims for discrimination under Title VII, the Rehabilitation Act, and/or the ADEA, must exhaust administrative remedies before filing suit in federal court, and because the undisputed facts of this case show that the plaintiff failed to exhaust his administrative remedies for the claims asserted in this action because he knowingly and voluntarily withdrew the complaints on which his claims are based before the EEO process could be completed, Defendant's Motion for Summary Judgment is **GRANTED**.

SIGNED at Houston, Texas, this 18th  day of October, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE